IDA CRESCI *vs.* THE HOME FOR AGED WOMEN.

APRIL 15, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an employee's original petition for workmen's compensation under general laws 1938, chapter 300, as amended. After a hearing in the superior court a decree was entered on February 8, 1954 making all the findings of fact necessary to support the petition and granting total compensation from February 27, 1953 to December 1, 1953 and partial compensation "for the four-week period following December 1, 1953" plus certain hospital charges and a witness fee for petitioner's doctor as part of the costs. No appeal was taken from that decree by either party.

Thereafter the respondent employer tendered two checks, namely, $862.70 for total disability compensation and $72 for partial disability compensation, in accordance with the decree. However, the petitioner, believing that certain benefits according to the decision were not included in the decree, filed a motion on June 30, 1954 to amend such decree to make it conform to the decision which had been rendered January 7, 1954. Attached to and made a part of that

motion was a proposed decree correcting the effective date from which the four weeks' partial compensation was to run.

After a hearing the trial justice granted such motion and entered a decree substantially in the form attached to the motion, to which was added only a condition precedent that the petitioner turn back to respondent the amount of the two checks previously paid according to the computation under the original decree. Therefore, with the exception of fixing February 8, 1954 instead of December 1, 1953 as the effective date from which the additional four weeks' partial compensation would begin, the specific findings in the new decree are essentially identical with those appearing in the original decree of February 8, 1954.

The checks were returned by petitioner as provided in the amended decree and respondent has prosecuted the instant appeal therefrom. In support of such appeal it now contends substantially that G. L. 1938, chap. 300, article II, §§17, 18 and 19, of the workmen's compensation act, as amended by public laws 1941, chap. 1061, govern the instant proceedings; that the above sections preclude any recovery of compensation unless notice of the injury shall have been given to the employer within thirty days after the happening thereof (§17); that such notice shall be in writing and state the nature, time, place and cause of the injury, and the name and address of the person injured and shall be signed by the person injured, or someone in his behalf (§18); and that the notice shall be served on the employer or some officer or agent upon whom process may be served by delivering it to the employer in the manner specified in §19.

It is further argued that the employer had no knowledge or notice of the accident or injury from the employee or from any other source until April 17, 1953, which was not within the thirty days as required by the statute; and that there is no evidence to support the finding of the trial justice to the effect that the failure to give notice of the injury in accordance with the act was due to mistake as contemplated in §20, which reads in part as follows: "Want of notice

shall not be a bar to proceedings under this chapter, if it be shown that the employer or his agent had knowledge of the injury, or that failure to give such notice was due to accident, mistake or unforeseen cause."

If the present appeal is broad enough to include all the issues and findings in the original decree, although that decree was not appealed from, then a grave question may arise whether there is evidence to support the finding that the failure to give notice was because of accident, mistake or unforeseen cause as intended by §20. According to §§17, 18 and 19 of the act, as amended, the legislature clearly intended to require the specified notice as a condition precedent to the bringing of, and recovering under, a petition for workmen's compensation.

The reasonable interpretation of §20 is that the legislature intended to excuse a petitioner from giving the notice required in the preceding sections only where there was some substantial basis in fact to support a conclusion that the failure to give notice was due to accident, mistake or unforeseen cause. Ordinarily a mistaken view of the law, ignorance of the law's requirements, and failure to appreciate them, without more, have not been considered as amounting to accident, mistake or unforeseen cause, whenever similar provisions are found and construed in relief statutes.

However that may be, the real question before us is whether the respondent, which took no appeal from the original decree, may now be heard to argue that certain findings therein are without any evidence to support them. In other words, the time for appealing the decree of February 8, 1954 had expired after ten days therefrom. Therefore the essential findings in that decree became a judgment unless and until they were set aside for fraud or modified for other sufficient cause in accordance with the act. The motion here was not to set aside the decree for fraud or other cause. Nor was it to reopen the whole case for additional evidence and decision. It was merely to modify the decree

in a limited particular, that is, fixing the effective date from which the additional four weeks' partial compensation as awarded was to begin, and it incorporated a copy of the proposed decree. With the above exception the provisions of the new decree were substantially identical with all the essential findings of the original decree from which respondent did not appeal.

If respondent merely by appealing from the granting of petitioner's motion to amend the original decree in this limited respect can thereby reopen all the issues, although they had been finally determined and had not been previously appealed, then it would be easy to nullify the statutory requirement as to the appeal period. We do not think that was the intent of the statute. Generally speaking the superior court or the workmen's compensation commission, when hearing a motion to amend a decree in a workmen's compensation case, is restricted to the scope of the motion. It follows that the findings in a decree, which have not been appealed and which the motion itself does not seek to modify, should be considered as finally determined, except in case of fraud or other cause as provided by the act. In the peculiar circumstances, therefore, we are of the opinion that the reasons of appeal and the arguments chiefly relied on by the respondent are outside the proper scope of the instant appeal and that the decree entered on the motion to amend as limited should be affirmed.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Leonard A. Kamaras*, for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.*, for respondent.