RAYFORD LIPSCOMB *vs.* HALLORAN CONSTRUCTION CO.

JULY 19, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

160

ROBERTS, J. This is an employee's original petition for workmen's compensation brought under the provisions of general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. After a hearing before the trial commissioner a decree was entered denying and dismissing the petition. From a decree of the full commission affirming that decree, the petitioner has appealed to this court.

There is no substantial dispute concerning the facts in this case. The petitioner, who is about fifty-four years of

age, was employed by respondent as a laborer during the late fall and early winter of 1955. He came to Rhode Island from the south in 1946. He attended the county schools in South Carolina through the fourth grade, and while he can write his name he is at best only semiliterate.

In late October or early November of 1955 petitioner was working at a pumping station in East Greenwich assisting in the removal of sludge from a subsurface part of the building. While so engaged he struck his right shoulder against a concrete beam which was part of the structure. He experienced considerable and persistent pain in the shoulder and for some time treated it by rubbing with various kinds of liniment.

The petitioner was laid off by respondent for lack of work just before Christmas 1955 and shortly thereafter he went to work for another contractor, Smiley Construction Company, as a laborer until January 25, 1956. During the period from his injury to January 25, 1956 he worked full time while employed. However, his pain had become so severe that on the latter date he could stand it no longer and consulted Dr. Edmund J. Sydlowski who gave him injections to relieve the pain in his shoulder.

Early in February he began receiving treatment at the outpatient department of Rhode Island Hospital, which continued until he was admitted to that hospital on April 30, 1956. He was discharged on May 23, 1956. During that time he was under the care of Dr. Ernest D. Thompson, an orthopedic surgeon. After he was discharged he was referred back to the outpatient department and is still receiving treatment thereat.

Shortly after his discharge from the hospital petitioner, either on May 25 or 26, reported his injury to respondent for the first time. On June 1, 1956 respondent's insurance carrier took a statement from petitioner, had him examined by a doctor of its choice on June 14, 1956, and thereafter denied liability.

The instant petition was filed July 9, 1956, and after a hearing before the trial commissioner, a decree was entered on October 15, 1956 denying and dismissing the petition. In that decree the commissioner found in substance that petitioner had not given written notice of his injury as required by article II, §§17, 18, and 19, of the act; that respondent was without knowledge of the injury; that petitioner's failure to give written notice was not caused by accident, mistake or unforeseen cause; and that he was injured in the course of his employment and became incapacitated therefrom on January 25, 1956.

The petitioner's reasons of appeal go to several grounds of alleged error on the part of the commission. However, before this court he conceded that he did not give respondent written notice of his injury as is required by the act, and further he did not press his contention that respondent had knowledge of his injury so as to make the giving of notice immaterial. His primary contention is that his claim is not barred by a want of the notice required in §§17, 18, and 19 of the act, the lack thereof being excused because his "failure to give such notice was due to accident, mistake, or unforeseen cause" as is provided in §20 of art. II. Because of the view we take of this contention, it will be unnecessary for us to consider other contentions raised by his reasons of appeal.

On several occasions this court has considered the application to be made of the provisions of §20 providing that the failure to give notice may be excused by reason of accident, mistake or unforeseen cause. In *Donahue* v. *R. A. Sherman's Sons Co.*, 39 R. I. 373, 378, we held that where, in statutes of this character, there is a provision requiring notice of the injury to the employer within a fixed period and nothing more, the courts of necessity are bound to hold that notice within the prescribed time is imperative and amounts to a condition precedent to the maintenance of proceedings. However, where the statute itself provides re-

lief for failure to give such notice, as is true in the instant case, then the remedial provisions shall be broadly and liberally construed by the courts to effectuate the main purpose of the legislation. While adopting a policy of liberal construction, the court nevertheless pointed out that simple neglect to act vigilantly to protect one's rights would not be held to amount to a reasonable excuse and that to constitute a reasonable excuse there would have to be shown some circumstance or condition beyond such neglect.

This problem was further considered in *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116, and in *Caspar* v. *East Providence Artesian Well Co.*, 49 R. I. 8, 10. In these cases the court recognized the rule of liberal construction of the words "accident, mistake or unforeseen cause" set out in the *Donahue* case, *supra*. However, it modified that rule to the extent that where it was shown that the neglect to give notice resulted in prejudice to the interests of the employer, the reason offered in support of such excuse must be "very substantial." It is our opinion that in using the phrase "very substantial" in the *Caspar* decision the court intended to modify the rule to the extent of requiring a less liberal if not a strict construction of the words "accident, mistake or unforeseen cause" when the employer's interests were prejudiced by the lack of timely notice. In applying the provision concerning the excuse for failure to file notice provided for in §20, it is to be liberally construed in those cases wherein it is not shown that the employer's interests were prejudiced but it is to be less liberally or, in some circumstances, even strictly construed where such prejudice is shown.

In the instant case there is no evidence that the employer's interests were prejudiced by the lack of timely notice. The commission, however, despite the absence of such evidence, held that the excuse must be substantial, thus applying the rule of strict construction to the words of the statute in all cases. In this respect the commission ap-

parently relied on the case of *Cresci* v. *Home for Aged Women*, 83 R. I. 70, 73, 112 A. 2d 874, 875, in which this court stated that the legislature, in enacting §20, intended that failure to give timely notice would be excused thereunder "only where there was some substantial basis in fact to support a conclusion that the failure to give notice was due to accident, mistake or unforeseen cause."

The commission apparently interpreted the word "substantial" as used therein to mean that in the ordinary case it would be required to construe strictly the words "accident, mistake or unforeseen cause." However, the context in which we used the language above quoted from the *Cresci* case makes it clear that we were distinguishing the effect under §20 of mistakes of fact as opposed to mistakes of law and that we did not intend to give any special meaning to the word "substantial." We particularly did not intend using the word "substantial" to change the rule of liberal construction as expounded in the *Donahue* case and modified in the *Caspar* case, *supra*.

It is our view that, in the ordinary case where there is no evidence that an employer was prejudiced by lack of timely notice of the employee's injury, we will construe liberally the words "accident, mistake or unforeseen cause." Where, in such cases, a circumstance or condition is shown to exist as a reason for the failure to give notice which amounts to more than simple neglect to act vigilantly in the protection of one's rights, we will hold that such circumstance or condition constitutes mistake within the meaning of §20. In other words, we will consider the words "accident, mistake or unforeseen cause" as "broad and general words used in a remedial statute which enable this court, within reasonable limits, to grant relief from hardship and substantial misfortune whenever in the discretion of this court the circumstances of the particular case warrant such action." See the *Donahue* case, *supra*, at page 385.

There is no evidence in the record in the instant case

that the interests of the employer were impaired or prejudiced by petitioner's failure to give timely notice. In that state of the evidence it is our opinion that petitioner has sustained the burden of showing that his failure was occasioned by accident, mistake or unforeseen cause within the meaning of said §20 of the act. The petitioner testified in substance that he felt pain at the time of the injury and after, but that he felt that he could continue at work and did so, attempting to treat the injury himself. He stated that he continued to work for pressing economic reasons but that late in January, after the statutory period of giving notice had expired, he was compelled to stop work and consult a doctor. There is medical evidence, not substantially contradicted, that petitioner suffered trauma to the brachial plexus at the right shoulder, a part of the nerve structure controlling the use of the arm and shoulder, and that in such injuries the disabling effect develops slowly and progresses in intensity with the passing of time.

The situation therefore is one in which the employee did not, during the running of the statutory period for giving notice, recognize that he had sustained a serious injury which would become progressively disabling. This was clearly a mistake of fact. It is our opinion that where the words "accident, mistake or unforeseen cause" are to be given a liberal construction, a failure to recognize the disabling character of an injury may in certain circumstances amount in law to such a mistake. The petitioner has, in our opinion, shown that his failure to give notice of his injury was occasioned by a circumstance or condition which was more than a simple neglect to act vigilantly to protect his rights and that it constitutes a mistake within the meaning of §20 of the act when that section is liberally construed in the absence of evidence that the employer's rights were prejudiced by lack of notice.

In the circumstances the decree appealed from should be reversed and a new decree entered containing the finding:

"That the failure of the petitioner to give notice was due to accident, mistake or unforeseen cause."

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission with direction to enter a new decree in accordance with this opinion and for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*William E. Walsh, Joseph A. Kelly,* for respondent.